## Barlone v. Westmoreland Coal Company.

*Workmen's compensation—Appeal from decision of board—Jurisdiction of court—Parties—Adverse party—Act of June 26, 1919.*

Under section 6 of the Act of June 26, 1919, P. L. 642, which provides that "any party may appeal from any action of the board on matters of law to the Court of Common Pleas of the county in which the accident occurred, or of the county in which the adverse party resides or has a permanent place of business," the words "adverse party" mean the party in whose favor the action of the board is rendered and adverse to an appeal from its decision.

Rule to show cause why an appeal from a decision of the Workmen's Compensation Board should not be dismissed. C. P. Northumberland Co., Feb. T., 1924, No. 151.

*Roger J. Dever*, for plaintiff; *Knight & Taggart*, for defendant.

LLOYD, J., March 17, 1924.—This case is now before us on a rule to show cause why an appeal by the claimant from the action of the Workmen's Compensation Board in dismissing his petition for a review of compensation agreement No. 758,401 should not be dismissed.

By the record certified to us from the Workmen's Compensation Board, it appears that the claimant sustained an injury at the defendant's mine, situate in Westmoreland County. The defendant's petition for the rule alleges, and the facts thereof are admitted by counsel for claimant at bar in open court, that the Westmoreland Coal Company, the defendant, is a Pennsylvania corporation with its domicile in the City of Philadelphia, Pennsylvania, and is engaged in the mining and shipping of coal in Westmoreland County, Pennsylvania, where it maintains such offices as are incidental and requisite to the conduct of its business; and that it is neither engaged in business nor does it own any property, real or personal, nor does it have any offices or permanent place of business in Northumberland County.

The jurisdiction of the Courts of Common Pleas in appeals from actions of the Workmen's Compensation Board is purely statutory and arises out of

Barlone *v.* Westmoreland Coal Company.

section 6 of the Act of June 26, 1919, P. L. 642, amendatory of section 427 of article IV of the Workmen's Compensation Act of June 2, 1915, P. L. 736, which provides that "any party may appeal from any action of the board on matters of law to the Court of Common Pleas of the county in which the accident occurred, or of the county in which the adverse party resides or has a permanent place of business, or, by agreement of the parties, to the Court of Common Pleas of any other county of this Commonwealth. Such appeal must be brought within ten days after notice of the action of the board has been served upon such party, unless any Court of Common Pleas to which an appeal lies shall, upon cause shown, extend the time herein provided for taking the appeal. The party taking the appeal shall, at the time of taking the appeal, serve upon the adverse party a written notice thereof, setting forth the date of the appeal and the court in which the same is filed," etc.

It is apparent from this section that, the accident having occurred in Westmoreland County and the appeal not being brought here by the agreement of the parties, the jurisdiction of this court can attach only if it appears that the, "adverse party resides or has a permanent place of business in this county."

Upon the argument of the rule, it was contended that the words "adverse party" might mean the employer in the sense of being the party adverse to the original proceeding, or they might mean the party against whom the action of the board was rendered in the sense of being the party adverse to the decision. We cannot subscribe to either of these meanings. The party against whom the action of the board was rendered can never be the "adverse party;" for, being the aggrieved party, the taking of the appeal is, of necessity, upon him, and in the event of his taking an appeal, he would then become at once both appellant and adverse party. And as the party taking the appeal is required, under said section, to serve upon the adverse party a written notice thereof, there would be presented the incongruity of the appellant serving notice upon himself. The law-makers never contemplated such foolishness. If the words meant the employer, precisely the same situation would arise in the event of an appeal by the employer. The employer, however, may become the adverse party by the action of the other party in taking an appeal, but.not by virtue of the fact of his being the employer. Moreover, it is manifest by a reading of the section that the party taking the appeal and the adverse party cannot be one and the same party, and since either the employer or the party against whom the action of the board was rendered may become the appellant, neither of them can be the party contemplated by the words "adverse party." Hence, in our opinion, and we hold, that the "adverse party" is the party in whose favor the action of the board is rendered; that is, the party adverse to disturbing the action of the board—the party adverse to the appeal—or, to state it otherwise, in the language of counsel for the defendant, the party other than the appellant. Hence, in the present appeal the defendant is the "adverse party."

It is urged by the petition that this court has no jurisdiction, for the reason that the defendant neither resides nor has a permanent place of business in this county.

In view of our conclusion that the defendant is the adverse party to this proceeding, and in view of the fact that it neither resides nor has a permanent place of business in this county, the rule must be made absolute.

And now, to wit, March 17, 1924, the rule is made absolute and the appeal is dismissed, at the cost of the claimant.

From C. M. Clement, Sunbury, Pa.